IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARA J. BATTEAU, Individually and on behalf of S.R.B., H.M.M., and R.J.B.<br><br>Plaintiff,<br><br>vs.<br><br>GREGG ABBOTT, KEN PAXTON, TEXAS DEPARTMENT OF FAMILY PROTECTIVE SERVICES, AMY TUCKER, MASON MARTIN, ROBERT TRAP, JACK REILLY CHRISTINE JONTE, LISA BRUCE, and THE STATE OF TEXAS,<br><br>Defendants. | Case No. 22-cv-3147-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sara J. Batteau, individually and on behalf of her minor children, filed this *pro se* action against the State of Texas, Texas Governor Gregg Abbott, Texas Attorney General Ken Paxton, the Texas Department of Family Protective Services, state court judges Amy Tucker, Mason Martin, Robert Trap, Jack Reilly, and attorneys Christine Jonte and Lisa Bruce. Batteau's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3) is now before the Court. For the following reasons, the motion is **DENIED** and Batteau's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Batteau has

sufficiently demonstrated her indigence and inability to pay the costs of commencing her lawsuit through her motion and accompanying affidavit.  However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.  The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

Batteau makes the following allegations in her Complaint: The Defendants have worked together to violate Batteau and her children's constitutional rights stemming from the Texas Family Court system.  The judges and attorneys "willfully worked together to back date, insult, lie, threaten and oppress Plaintiff an[d] children placing them in danger and impacted their health by the moral turpitude conducted by their hands."  Governor Abbott appointed some of the judges who "refused to address the issue of back dating, discrimination and jurisdiction along with the appellate court of Texas."  Texas Attorney General Paxton oversees the child support division and allows the employees to intentionally delay sending out notices for support illegally and allows them to ignore out-of-state court order from Illinois of custody and support to sway family court proceedings.

Citing various criminal sections of the United States Code, Batteau asserts claims for conspiracy, deprivation of rights, interstate domestic violence, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO").  She seeks monetary damages and requests a

federal investigation and audit of each Defendant concerning the dangers of the family court system of Texas due to racketeering.

Batteau's Complaint fails to state a claim for which relief can be granted. She asserts that this Court has jurisdiction through 28 U.S.C. §1331 and/or 28 U.S.C. §1343(a)(3). It is unclear however how either of these jurisdictional statutes confers subject matter jurisdiction in this case. Although the Complaint cites several federal statutes (18 U.S.C. §§ 241, 242, 249, 96, 2261), these statutes do not provide a private right to sue.

As for her § 1983 claim, Batteau has sued immune and improper defendants. The state court judges are immune from this lawsuit. *See Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016) (judicial immunity is an immunity from suit). She cannot maintain a § 1983 claim against either the named state defendants who are not "persons" for the purposes of § 1983 or the private attorneys who were not acting under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). And the Eleventh Amendment bars Batteau's claims against Abbott, Paxton, the State of Texas, and the Texas Department of Protective Family Services. *See Nunez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

For the foregoing reasons, Plaintiff's Complaint (Doc. 2) is **DISMISSED without prejudice** and her motion to proceed *in forma pauperis* (Doc. 3) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: February 16, 2023**

**STACI M. YANDLE**
**United States District Judge**